UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

THERESA WALKER,

                              Plaintiff,

                                                                                                 DECISION AND ORDER

                                                                                                 11-CV-6120L

                              v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

                              Defendant.
_____

       Plaintiff appeals from a denial of disability benefits by the Commissioner of Social Security ("the Commissioner"). The action is one brought pursuant to 42 U.S.C. § 405(g) to review the final determination of the Commissioner.

       June 9, 2006, plaintiff filed an application for Supplemental Security Income and disability insurance benefits under Title II of the Social Security Act. Plaintiff alleged an inability to work since May 12, 1998, due to carpal tunnel syndrome, pain in the neck, shoulder and right wrist, high blood pressure, diabetes, elevated cholesterol, depression and attention deficit hyperactivity disorder. (T. 32, 76, 166). Her application was initially denied. Plaintiff requested a hearing, which was held on May 4, 2009 before Administrative Law Judge ("ALJ") John P. Costello. (T. 46-89). The ALJ issued a partially favorable decision on June 29, 2009, concluding that plaintiff was not disabled under the Social Security Act prior to December 8, 2008, but that she was disabled after that date. (T. 27-43). That decision became the final decision of the Commissioner when the Appeals Council denied review on December 13, 2010 (T. 4-7). Plaintiff now appeals.

Plaintiff has moved, and the Commissioner has cross moved, for judgment on the pleadings pursuant to Fed. R. Civ. Proc. 12(c). For the reasons set forth below, the plaintiff's motion (Dkt. #6) is denied, the Commissioner's cross motion (Dkt. #9) is granted, and the complaint is dismissed.

DISCUSSION

An ALJ proceeds though a prescribed five-step evaluation in determining whether a claimant is disabled within the meaning of the Social Security Act. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ determines whether the claimant is engaged in substantial gainful work activity. *See* 20 CFR §404.1520(b). If so, the claimant is not disabled. If not, the ALJ continues to step two, and determines whether the claimant has an impairment, or combination of impairments, that is "severe," e.g., that imposes significant restrictions on the claimant's ability to perform basic work activities. 20 CFR §404.1520(c). If not, the analysis concludes with a finding of "not disabled." If so, the ALJ continues to step three.

At step three, the ALJ examines whether the claimant's impairment meets or equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4. If the impairment meets or medically equals the criteria of a listing and meets the durational requirement (20 CFR §404.1509), the claimant is disabled. If not, the ALJ's analysis proceeds to step four, and the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or metal work activities on a sustained basis notwithstanding limitations for the collective impairments. *See* 20 CFR §404.1520(e), (f).

The ALJ then turns to whether the claimant's RFC permits him to perform the requirements of his past relevant work. If so, the claimant is not disabled. If not, analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled, by presenting evidence demonstrating that the claimant "retains a

residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir.1999) (quoting *Bapp v. Bowen*, 802 F.2d 601, 604 (2d Cir.1986)). *See* 20 CFR §404.1560(c).

The Commissioner's decision that plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ has applied the correct legal standards. *See* 42 U.S.C. § 405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir.2002). Substantial evidence is defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "The Court carefully considers the whole record, examining evidence from both sides 'because an analysis of the substantiality of the evidence must also include that which detracts from its weight.'" *Tejada v. Apfel,* 167 F.3d 770, 774 (2d Cir. 1998) *quoting Quinones v. Chater*, 117 F.3d 29, 33 (2d Cir.1997). Still, "it is not the function of a reviewing court to decide de novo whether a claimant was disabled." *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir.1999). "Where the Commissioner's decision rests on adequate findings supported by evidence having rational probative force, [this Court] will not substitute our judgment for that of the Commissioner." *Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir.2002).

The same level of deference does not encompass the Commissioner's conclusions of law. *See Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir.1984). This Court must independently determine if the Commissioner's decision applied the correct legal standards in determining that the plaintiff was not disabled. "Failure to apply the correct legal standards is grounds for reversal." *Townley*, 748 F.2d at 112. Therefore, this Court first examines the legal standards applied, and then, if the standards were correctly applied, considers the substantiality of the evidence. *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir.1987). *See also Schaal v. Apfel*, 134 F.3d 496, 504 (2d Cir.1998).

The ALJ's decision discusses the bases for plaintiff's claim of disability at length, and identifies the record evidence supporting each of his findings. Upon a full review of the record, I believe that the ALJ applied the correct legal standards.

I also find that substantial evidence supports the ALJ's conclusion that plaintiff, then a forty-nine year old woman with a high school education and some college, and past relevant work in as a contact lens operator (inspector and/or polisher) and utility operation (transporting supplies in a manufacturing plant), was not totally disabled prior to December 8, 2008,[1] due to the ALJ's finding that the plaintiff was capable of performing the full range of sedentary work, with limitations to occasional reaching, handling and fingering, engagement only in simple tasks, occasional interaction with the general public and up to frequent contact with coworkers. (T. 39, 50-51, 64-65). When presented with this RFC, vocational expert Julie Andrews testified that plaintiff could perform the position of surveillance monitor. (T. 39, 70). The ALJ found that plaintiff had severe impairments including bilateral carpal tunnel syndrome, depression, arthritis in her knees, and obesity. (T. 34-35). At the hearing, plaintiff testified that her primary complaints were pain, tingling, numbness and weakness in her hands – particularly her right hand – as well as difficulty kneeling and reaching, depression, and panic attacks. (T. 56-61).

Plaintiff's treatment records reflect a history of right hand problems, exacerbated by engagement in repetitive work, surfacing in or around February 1998. Between July 1998 and July 2001, plaintiff was examined by Drs. John Devanny and Jaimala Thanik, both of whom determined that plaintiff had a mild, partial disability with respect to her right hand, but could use the hand normally and should avoid repetitive work. (T. 399, 401-06). Between October 2001 and September 2006, plaintiff was examined six times by independent medical examiner Dr. Elias Nicholas, who ultimately concluded that plaintiff could perform light duty with her left hand and no work with her right, and has a 90% loss of use of her right thumb, and 10% loss of

---

[1] On December 8, 2008, plaintiff's age category changed to "an individual closely approaching advanced age," and application of the Grids for her age, education, work experience and RFC directed a finding of disability. 20 CFR §§ 404.1560(c), 404.1564, 404.1566, 416.960(c), 416.964, 416.966.

use of the right hand. (T. 379, 382, 384, 386-387, 393)  On February 7, 2007, plaintiff was examined by consultative internist Dr. Brij Sinha, who measured and determined that although plaintiff complained of pain in her left hand and right wrist, plaintiff's hand and finger dexterity were intact, and her grip strength was 5/5, indicating normal functioning.  (T. 561).

One of plaintiff's treating physicians, Dr. Matthew Tomaino, opined in July 2005 and April 2006 that plaintiff had a moderate or marked partial disability, was qualified for left hand duty only, with "very mild" use of the right hand, and should be considered disabled from working.  (T. 322, 376).  The ALJ gave Dr. Tomaino's conclusion as to plaintiff's disability limited weight, and relied substantially upon the opinions of another of plaintiff's treating physicians, Dr.  Jeffery Fink, the opinions of the examining physicians, and plaintiff's treatment records.  (T. 37-38).   In September 2001, Dr. Fink opined that plaintiff had only a mild, partial disability, and could be re-trained through Vocational and Educational Services for Individuals with Disabilities (VESID) for non-repetitive work not requiring her to lift more than two or three pounds.  (T. 396, 397).

It is well-settled that "the medical opinion of a claimant's treating physician is given controlling weight if it is well supported by medical findings and not inconsistent with other substantial record evidence." *Shaw v. Chater*, 221 F.3d 126, 134 (2d Cir. 2000)(emphasis added).  *See* 20 C.F.R. § 404.1527(d)(2).  In determining the weight owed to a treating physician's opinion, the Commissioner must consider: (1) the length, nature and extent of the treatment relationship; (2) the frequency of examination; (3) the evidence presented to support the treating physician's opinion; (4) whether the opinion is consistent with the record as whole; and (5) whether the opinion is offered by a specialist.  20 C.F.R. §404.1527(d).  The ALJ must then articulate his reasons for assigning the weight that he does to both treating and nontreating physicians' opinions.  *See* 20 C.F.R. §404.1527(d)(2); §404.1527(f)(2)(ii); *Snell v. Apfel*, 177 F.3d 128, 133 (2d Cir. 1999).

I find that the ALJ's determination that Dr. Tomaino's opinion entitled only to limited weight took account of the necessary factors, and was not erroneous. The ALJ correctly observed that Dr. Tomaino's opinion suggested only a partial disability, and contemplated plaintiff's performance of "left hand duty" jobs. (T. 38, 322). Moreover, Dr. Tomaino's conclusion fails to specify the particulars of plaintiff's "partial disability," or to cite to any objective testing of plaintiff's dexterity or grip strength. To the extent that Dr. Tomaino's opinion could be read to suggest that plaintiff the severity of plaintiff's hand impairment is sufficient to totally disable her from working, such a conclusion is unsupported by any objective findings, and is inconsistent with substantial objective evidence of record.

The ALJ's finding concerning plaintiff's RFC is also consistent with the plaintiff's report of her daily activities, which include caring for her school-age daughter, reading, watching television, preparing meals, shopping, and performing household chores. (T. 58, 180-183). Moreover, even assuming *arguendo* that the RFC defined by the ALJ failed to explicitly account for the deficiencies of strength and repetitive motion in plaintiff's right hand, given plaintiff's admitted partial use of the hand, the RFC limitation to occasional reaching, handling and fingering sufficiently accounts for those factors. *See Spain v. Commissioner*, 2005 U.S. Dist. LEXIS 12052 at *24 (S.D.N.Y. 2005) (partial use of hand is sufficiently accounted-for by an RFC with limitations on reaching, handling and fingering). *See generally* T. 38 ("I conclude that claimant's bilateral hand impairments do not satisfy the severity requirements of [Listing 1.02(B) relating to major dysfunction of a joint with gross anatomical deformity and abnormal motion, resulting in inability to perform fine and gross movements effectively], as she still has some use of the right hand and full use of her left hand, allowing her to perform fine and gross movements effectively").

Although plaintiff contends that her depression constituted or contributed to total disability, the ALJ's finding to the contrary is supported by substantial evidence of record, primarily plaintiff's self-reports of productive daily activities, and the opinions of the psychiatric

consultants, who generally opined that plaintiff was mildly limited in the areas of daily living and social functioning, and moderately limited in maintaining concentration, persistence and pace, but was capable of understanding and remembering simple instructions and performing simple tasks in a low-contact work environment. (T. 241-43, 271, 493-96, 541, 553).  These opinions were consistent with that of plaintiff's treating psychologist, Dr. Sheree Toth, who noted on February 3, 2003 that plaintiff was bright, articulate, was achieving improvement and had taken positive steps toward obtaining employment. (T. 271).  Although plaintiff's treating psychologist, Dr. Martin Lineham, reported on June 25, 2007 that he did not believe plaintiff was capable of working, that opinion is conclusory and unsupported by any other medical evidence of record, including plaintiff's mental health treatment notes, which do not describe unusual anxiety or depression. (T. 632).  As such, Dr. Lineham's opinion was properly rejected by the ALJ. (T. 40-41).

   I have considered the remainder of plaintiff's arguments, and find them to be without merit.  In light of the ALJ's well-supported determination that plaintiff, a "younger individual" at the time of her application, retained the RFC to perform the full range of sedentary work, with limitations to occasional reaching, handling and fingering, engagement only in simple tasks, occasional interaction with the general public and up to frequent contact with coworkers.  (T. 39).  I further note that the ALJ properly relied on testimony by a vocational expert that plaintiff's RFC permitted her to perform one or more positions existing at significant numbers in the local economy (surveillance monitor), at least until December 8, 2008, the date upon which her age category changed, and application of the Grids directed a finding of disability.

   Based on the foregoing, I believe the ALJ applied the proper procedure and that his decision is supported by substantial evidence.  I find no reason to modify that decision.

CONCLUSION

The Commissioner's cross motion for judgment on the pleadings (Dkt. #9) is granted, and plaintiff's motion for judgment on the pleadings (Dkt. #6) is denied. The Commissioner's decision that plaintiff, Theresa Walker, was not disabled prior to December 8, 2008 is in all respects affirmed, and the complaint is dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       August 3, 2012.